UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED DE PICCIOTTO, | No.  2:19-cv-01297-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| SENECA HEALTHCARE DISTRICT; LINDA WAGNER, an individual; and DOES 1 through 25, inclusive, | |
| Defendants. | |

This matter is before the Court on Defendants Seneca Healthcare District and Linda Wagner's (collectively, "Defendants") Motion for Judgment on the Pleadings.  (ECF No. 6.) Plaintiff Fred De Picciotto ("Plaintiff") filed an Opposition.  (ECF No. 9.)  Defendants filed a Reply.  (ECF No. 12.)  For the reasons set forth below, the Court GRANTS Defendants' Motion with leave to amend.

///

///

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former emergency room physician and Director of Emergency Services for Defendant Seneca Healthcare District ("Seneca").  (ECF No. 1-3 at 5.)  Plaintiff alleges Seneca is a California public entity.  (*Id.* at 6.)  Plaintiff also alleges that while employed by Seneca, he performed his duties "competently" and received "excellent" evaluations from his colleagues and superiors.  (*Id.*)

In 2017, Plaintiff alleges he learned a fellow emergency room physician committed actions constituting deviations from the required standard of care.  (*Id.* at 7.)  On or about January 9, 2018, Plaintiff presented complaints and case reviews concerning the physician's actions to Seneca's Quality Assurance Committee.  (*Id.*)  The Committee took no substantive action.  (*Id.*)  Due to this lack of action, on or about February 15, 2018, Plaintiff submitted another complaint regarding the physician's actions to Defendant Linda Wagner (the CEO of Seneca) and a member of Seneca's Board of Directors.  (*Id.*)  On February 17, 2018, Seneca "abruptly terminated [Plaintiff's] services."  (*Id.*)  Plaintiff alleges he has "satisfied all administrative claim requirements prior to filing this action."  (*Id.*)

Plaintiff filed his Complaint against Defendants on March 6, 2019, in Plumas County Superior Court.  (*Id.* at 5.)  Plaintiff's Complaint includes five claims: (1) violation of Plaintiff's right to free speech pursuant to 42 U.S.C. § 1983 as to both Defendants; (2) retaliation in violation of Plaintiff's state and federal constitutional right to free speech as to both Defendants; (3) retaliation and/or discrimination in violation of California Health & Safety Code § 1278.5 as to Seneca; (4) retaliation in violation of California Labor Code § 1102.5 as to Seneca; and (5) discrimination in violation of California Labor Code § 6310 as to Seneca.  (*See generally* ECF No. 1-3.)  On July 12, 2019, Defendants filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  (ECF No. 1.)  Defendants filed the instant motion on September 20, 2019.  (ECF No. 6.)

## II.   STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed.

2

R. Civ. P. 12(c).  The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief.  *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010).  Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.  *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

### III.  ANALYSIS

Defendants move to dismiss Claim One as to Seneca because Seneca is not a "person" under 42 U.S.C. § 1983 and is therefore not a proper defendant under the statute.  (ECF No. 6-1 at 9–10.)  Defendants further argue that even if Seneca were a "person," it is not liable for the actions of its CEO and Plaintiff failed to allege Seneca's policies were the "moving force behind the constitutional violation."  (*Id.* at 10–11.)  Defendants also move to dismiss Claim Two in its entirety because it is duplicative of the first cause of action regarding Plaintiff's federal constitutional rights and because Plaintiff "fails to state a cause of action upon which his requested relief may be granted" regarding his state constitutional rights.  (*Id.* at 11.)  In his Opposition, Plaintiff agrees with Defendants that these claims should be dismissed.  (ECF No. 9

at 3.)  Accordingly, for the reasons set forth by Defendants and in light of Plaintiff's non-opposition, the Court DISMISSES Claim One as to Seneca and also DISMISSES Claim Two in its entirety.

Defendants also seek dismissal of Claims Three, Four, and Five against Seneca.  More specifically, Defendants argue the Court must dismiss Claims Three, Four, and Five because Plaintiff failed to comply with pleading requirements applicable to claims under the California Tort Claims Act ("TCA").  (ECF No. 6-1 at 13.)  In opposition, Plaintiff argues he is excused from complying with TCA requirements.  (ECF No. 9 at 3.)

It is undisputed that, as a California Healthcare District hospital, Seneca is a public entity covered by the TCA.  *See Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 980 (1998).  Indeed, Plaintiff alleges Seneca is a public entity in his Complaint.  (ECF No. 1-3 at 6.)  The TCA requires the presentation of a written claim to a public entity prior to litigation for money or damages against the public entity.  Cal. Gov't Code § 945.4.  Moreover, a plaintiff must initiate a lawsuit within six months of written notice of the public entity's rejection of the claim.  Cal. Gov't Code § 945.6(a).  An exception is provided in California Government Code § 946.4, under which a claim is not required to be presented to the public entity if "[n]o statement pertaining to the public agency is on file, or is placed on file, in the Registry of Public Agencies in the office of the Secretary of State and of the county clerk of each county in which the public agency then maintains an office, as required by Section 53051."  Cal. Gov't Code § 946.4(a)(1).

In California, statutes "which condition the right to sue [a public entity] upon timely filing of claims and actions . . . are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action."  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969).  "Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer."  *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (quoting *Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861, 865 (1983)).  Moreover, it is proper to dismiss a state law claim in federal court where a plaintiff fails to allege facts demonstrating or excusing compliance with the TCA.  *See Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009)

1   (dismissing plaintiff's claim for wrongful termination because plaintiff's conclusory statement

2   that he "complied with the California Tort Claims Act" was insufficient to "plead that he met the

3   claim presentation jurisdictional prerequisite of the Tort Claims Act").

4          In his Complaint, Plaintiff alleges he "has satisfied all administrative claim requirements

5   prior to filing this action."  (ECF No. 1-3 at 7.)  Similar to the plaintiff in *Creighton*, Plaintiff's

6   allegation is conclusory.  Plaintiff alleges no facts to indicate he complied with the timeliness

7   requirement set forth in the TCA.  Moreover, he does not allege an excuse from compliance with

8   the TCA.  Instead, Plaintiff asserts for the first time in his Opposition that he was excused from

9   "any obligation in the TCA that . . . required him to file suit within six months of [Defendants']

10  rejection of his claim" because Seneca was not in compliance with California Government Code

11  § 946.4 and § 53051.  (ECF No. 9 at 4.)

12         In deciding whether a complaint sufficiently states a claim for relief, "a court may *not*

13  look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition."

14  *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (emphasis added).

15  However, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by

16  the court in determining whether to grant leave to amend or to dismiss the complaint with or

17  without prejudice."  *Broam v. Bogan*, 320 F.3d 1023, 1026 (9th Cir. 2003) (citation omitted).  As

18  such, the Court will not consider Plaintiff's new allegations about Seneca's non-compliance

19  because those allegations were not included in the Complaint, but Plaintiff may amend his

20  Complaint if he wishes the Court to consider those allegations in the future.  As it stands, Plaintiff

21  fails to adequately allege that he complied with — or was excused from — TCA requirements.

22  Because TCA compliance is a prerequisite to Claims Three, Four, and Five, the Court

23  DISMISSES those claims with leave to amend.  *See Mangold*, 67 F.3d at 1477.

24  ///

25  ///

26  ///

27  ///

28  ///

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is hereby

GRANTED.  (ECF No. 6.)  The Court ORDERS as follows:

(1) The Court DISMISSES Claim One as to Seneca;

(2) The Court DISMISSES Claim Two in its entirety;

(3) The Court DISMISSES Claims Three, Four, and Five with leave to amend within

thirty (30) days of the date of electronic filing of this Order.

IT IS SO ORDERED.

DATED:  July 28, 2020

Troy L. Nunley
United States District Judge

6