UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED DE PICCIOTTO,<br><br>Plaintiff,<br><br>v.<br><br>SENECA HEALTHCARE DISTRICT; LINDA WAGNER, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | No. 2:19-cv-01297-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendants Seneca Healthcare District ("Seneca") and Linda Wagner's ("Wagner") (collectively, "Defendants") Motion to Dismiss. (ECF No. 17.) Plaintiff Fred De Picciotto ("Plaintiff") filed an opposition. (ECF No. 22.) Defendants filed a reply. (ECF No. 23.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion.

///

///

///

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former emergency room physician and Director of Emergency Services for Seneca. (ECF No. 15-1 at 2.) Plaintiff alleges that while employed by Seneca, he performed his duties competently and received excellent evaluations from his colleagues and superiors. (*Id.* at 3.) In 2017, Plaintiff learned a fellow emergency room physician committed actions constituting deviations from the required standard of care. (*Id.*) On January 9, 2018, Plaintiff presented complaints and case reviews concerning the physician's actions to Seneca's Quality Assurance Committee. (*Id.*) The Committee took no substantive action. (*Id.*) On February 15, 2018, Plaintiff submitted another complaint regarding the physician's actions to Wagner (the CEO of Seneca) and a member of Seneca's Board of Directors. (*Id.* at 2–3.) On February 17, 2018, Seneca "abruptly terminated [Plaintiff's] services." (*Id.* at 3.)

Plaintiff filed the operative First Amended Complaint ("FAC") on August 27, 2020. (ECF No. 15.) Plaintiff asserts various claims arising from his termination: (1) a 42 U.S.C. § 1983 claim for violation of the First Amendment against Wagner (Claim One); (2) retaliation and/or discrimination in violation of California Health and Safety Code § 1278.5 against Seneca (Claim Two); (3) retaliation in violation of California Labor Code § 1102.5 against Seneca (Claim Three); and (4) discrimination in violation of California Labor Code § 6310 against Seneca (Claim Four). (ECF No. 15-1 at 5–9.) On September 10, 2020, Defendants filed the instant motion to dismiss Plaintiff's state law claims (Claims Two, Three, and Four) under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 17.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified

2

notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

Defendants argue Plaintiff's state law claims are time-barred and must be dismissed because Plaintiff failed to comply with the six-month filing deadline set forth in the California Tort Claims Act ("CTCA"). (ECF No. 17-1 at 2–7.) Alternatively, Defendants argue Plaintiff's second claim is barred under the statute of limitations applicable to California Health and Safety Code § 1278.5. (*Id.* at 7–9.)

#### A. CTCA

The CTCA requires the presentation of a written claim to a public entity prior to litigation for money or damages against the public entity. Cal. Gov't Code § 945.4. Moreover, a plaintiff must initiate a lawsuit within six months of written notice of the public entity's rejection of the claim. Cal. Gov't Code § 945.6.

The parties do not dispute in their briefing that Plaintiff complied with § 945.4 by filing a written claim to Seneca. Nor do they dispute that Plaintiff did *not* comply with § 945.6 because he filed the instant action more than six months after Seneca's rejection of his claim. At issue here is whether Plaintiff has plausibly alleged an excuse for his failure to comply with § 945.6's six-month filing deadline. Plaintiff alleges he is excused from the filing deadline based on an exception set forth under California Government Code § 946.4.[1] (ECF No. 15-1 at 5.) Section 946.4 states in relevant part:

> (a) Where provision is made by or pursuant to law that no suit may be brought against a public agency as defined in [§] 53050 unless and until a claim is presented to the agency, the failure to present a claim does not constitute a bar or defense to the maintenance of a suit against the public agency if, during the 70 days immediately following the accrual of the cause of action . . . (1) No statement pertaining to the public agency is on file, or is placed on file, in the Registry of Public Agencies in the office of the Secretary of State

---

[1] Unless otherwise noted, all references herein are to the California Government Code.

4

> and of the county clerk of each county in which the public agency
> then maintains an office, as required by [§] 53051.

Cal. Gov't Code § 946.4(a)(1).  In short, Plaintiff alleges § 946.4 excuses him from the six-month filing deadline in § 945.6 because "Seneca failed to file a Statement of Facts with the Roster of Public Agencies in the offices of the Secretary of State and the Plumas County Clerk within 70 days following the accrual of Plaintiff's cause of action on February 17, 2018," as required by § 53051.  (ECF No. 15-1 at 4–5.)  In moving to dismiss, Defendants argue § 946.4 only excuses the claims presentation requirement in § 945.4 — not the six-month filing deadline in § 945.6 — and Plaintiff filed a timely claim with Seneca pursuant to § 945.4.  (ECF No. 17-1 at 5.)

The instant case is nearly identical to *Helzer v. N. San Diego Cty. Transit Dev. Bd.*, 112 Cal. App. 3d 708 (1980).  In *Helzer*, the plaintiffs were heirs of the victims of an accident involving a bus owned and operated by the defendant.  112 Cal. App. 3d at 710.  The plaintiffs filed wrongful death claims with the defendant on September 13, 1977.  *Id.*  The defendant rejected their claims on September 16, 1977.  *Id.*  The plaintiffs filed suit against the defendant nine months later — on June 14, 1978.  *Id.*  The trial court dismissed the complaint based on plaintiffs' failure to file within six months after notice of denial of their claims as provided in § 945.6.  *Id.*  The plaintiffs appealed the dismissal, arguing that, under § 946.4, they were excused from complying with the time period set forth in § 945.6 because the defendant did not comply with § 53051.  *Id.*  The appellate court agreed with plaintiffs and reversed the dismissal.  *Id.* at 710–11.  The court explained "[§] 945.6 is limited by its own terms by [§] 946.4."  *Id.* at 710.  Applying § 946.4, the court found the defendant's noncompliance with § 53051 relieved the plaintiffs from the claim presentation requirement in § 945.4, which in turn rendered § 945.6's six-month limit inapplicable.  *Id.* at 710.

Importantly, the *Helzer* court rejected the defendant's argument that the plaintiffs became subject to the six-month limit by presenting a timely claim to the defendant.  *Id.*  The court emphasized "[s]uch a strict construction . . . would lead to unjust and unsound results."  *Id.* (citing *Wilson v. S.F. Redevelopment Agency*, 19 Cal. 3d 555, 561 (1977)).  More specifically, the court stated,

5

> The [defendant] would penalize the [plaintiffs] for their attempted compliance with the claim presentation statutes and would place the [plaintiffs] in a worse position than if they had made no attempt to comply at all. Filing the unnecessary claims was at most superfluous and does not relieve the [defendant] from complying with [§] 53051 before invoking the six-month limit of [§] 945.6(a)(1).

Despite the apparent similarities between *Helzer* and the instant case, Defendants argue *Helzer* was incorrectly decided and contradicts the previous California Supreme Court decision in *Tubbs v. S. Cal. Rapid Transit Dist.*, 67 Cal. 2d 671 (1967). The Court disagrees.

In *Tubbs*, the plaintiff filed a complaint for personal injuries alleged to have been suffered by her on May 27, 1963, while she was a passenger on one of the defendant's busses. 67 Cal. 2d at 673. Plaintiff's injury and claim presentation occurred *prior* to the effective date of the CTCA. *Id.* at 674. Based on the CTCA's language, the plaintiff's claim was deemed to have been presented on the effective date of the CTCA, September 20, 1963. *Id.* at 675. The defendant took no action on plaintiff's claim and so the claim was deemed "rejected by operation of law on November 4, 1963." *Id.* Under § 945.6, the plaintiff's six-month statute of limitations to initiate a lawsuit ran on May 4, 1964. *Id.* The plaintiff did not file her complaint until May 25, 1964. *Id.*

As in the instant case, the plaintiff in *Tubbs* alleged that § 946.4[2] excused her from filing the action within the six-month period because the defendant failed to comply with § 53051. *Id.* The court explained "[t]he purpose of the statute requiring information for the Roster of Public Agencies (§ 53051) was to provide a means for identifying public agencies and the names and addresses of designated officers needed to enable or assist a person to comply with any applicable claims procedure." *Id.* at 676. The court then stated, "Neither [§ 946.4] nor 53051 was made retroactive, and a claimant who has actually presented a claim with the proper public entity may not invoke those sections to excuse compliance with the claims statutes and circumvent the special six-month statute of limitations."[3] *Id.*

---

[2] The *Tubbs* plaintiff alleged she was excused from the claims presentation pursuant to § 945.5. *Helzer*, 67 Cal. 2 at 675. However, as the *Tubbs* court noted, "§ 945.5 was repealed in 1965 and replaced by § 946.4." *Id.* at 676 n.2 (citing Stats. 1965, ch. 653, p. 2015, § 21). As such, all references to § 945.5 have been changed herein to § 946.4.

[3] Defendants also argue *Helzer* is inconsistent with *Wilson*, 19 Cal. 3d at 555. In *Wilson*, the California Supreme Court briefly summarized *Tubbs* in response to one of the defendant's

1	Unlike *Helzer* and the instant case, *Tubbs* involved a unique timeline of events spanning before and after the effective date of the CTCA. It seems the *Tubbs* court's decision not to excuse the plaintiff's late-filed complaint hinged at least partially on the fact that "[n]either [§ 946.4] nor 53051 was made retroactive." 67 Cal. 2d at 676. Indeed, § 53051 did not exist when the *Tubbs* plaintiff's claim accrued, so it is understandable that the court declined to excuse the plaintiff's untimely lawsuit based on the defendant's noncompliance with a then-nonexistent statute. Further, the *Tubbs* court failed to mention that § 945.6 was amended in 1965 to expressly include the § 946.4 exception. *See* Cal. Gov't Code § 945.6.

Ultimately, the California Supreme Court should resolve any purported inconsistencies between *Helzer* and *Tubbs*, not this Court. As it is, the California Supreme Court declined to review *Helzer*, leaving the ruling intact. *Helzer*, 112 Cal. App. 3d at 711. Because *Helzer* is nearly identical to the instant case, addresses the fact that § 945.6 is expressly limited by § 946.4, and has not been overturned by the California Supreme Court, this Court finds *Helzer* to be highly persuasive. Therefore, taking Plaintiff's allegations as true, the Court concludes Defendant's noncompliance with § 53051 excuses Plaintiff from § 945.6's six-month limit, regardless of whether Plaintiff filed a timely claim with Seneca under § 945.4. *See id.* at 710–711.

Accordingly, the Court DENIES Defendants' motion to dismiss pursuant to the CTCA.

	B.	California Health and Safety Code § 1278.5 ("§ 1278.5")

Alternatively, Defendants argue Plaintiff's second claim is time-barred because § 1278.5 has a mandatory penalty provision and is therefore subject to California Code of Civil Procedure § 340's one-year statute of limitations. (ECF No. 17-1 at 7–9.) In opposition, Plaintiff argues a three-year statute of limitation applies. (ECF No. 22 at 6.)

///

---

arguments. 19 Cal. 3d at 561–62. However, *Wilson* offers minimal insight into the *Tubbs* decision because the *Wilson* court ultimately found *Tubbs* was not controlling. *Id.* at 562 ("[W]e . . . find *Tubbs* clearly distinguishable since plaintiff herein did not file a *timely* claim with defendant agency, and is thus entitled to the protection afforded by [§§] 946.4 and 53051." (emphasis in original)).

Section 1278.5 does not specify a statute of limitations period. *See* Cal. Health & Safety Code § 1278.5. "In the absence of a specific limitations provision, the court looks to the statutes of limitations generally applicable under state law." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 915 (E.D. Cal. 2017). "California law provides that a three-year statute of limitations applies to 'action[s] upon a liability created by statute, other than a penalty or forfeiture.'" *Id.* (citing Cal. Civ. Proc. Code § 338(a)). "However, a one-year statute of limitations applies to 'action[s] upon a statute for a penalty.'" *Id.* at 915–16 (citing Cal. Civ. Proc. Code § 340).

Plaintiff's sole argument in opposition is that § 1278.5 is analogous to California Labor Code § 1102.5 ("§ 1102.5"), another whistleblower statute "designed to prevent unlawful retaliation." (ECF No. 22 at 6.) Plaintiff asserts it is well-established that § 1102.5 is subject to a three-year statute of limitations despite containing a mandatory penalty provision. (*Id.*) The Court disagrees that Plaintiff's assertion is "well-established." For example, the *Ayala* court acknowledged courts "have reached different conclusions" about the statute of limitations period for § 1102.5 claims. 263 F. Supp. 3d at 916. The *Ayala* court decided § 1102.5 created two distinct claims — one for damages to remedy individual harms (§ 1102.5) and one for civil penalties to redress public wrongs specifically caused by "corporations or limited liability compan[ies]" (§ 1102.5(f)). *Id.* at 916–17. The court stated, "The appropriate limitations period will depend on the nature of the cause of action presented by plaintiff — that is, whether plaintiff brings a claim under § 1102.5 or § 1102.5(f)." *Id.* at 917.

In contrast, "a penalty is mandatory under Health and Safety Code [§ 1278.5(b)(3)], which states that '[a] violation of this section *shall* be subject to a civil penalty' of not more than $25,000." *Melamed v. Cedars-Sinai Med. Ctr.*, 8 Cal. App. 5th 1271, 1287 (2017) (emphasis in original), *review granted and cause transferred on other grounds*, 395 P.3d 1110 (2017). "Generally, [California Code of Civil Procedure § 340(a)] applies if a civil penalty is mandatory" even if the plaintiff does not expressly seek the penalty. *Butler v. Prime Healthcare Centinela, LLC*, No. CV 19-1738 PA (SSX), 2019 WL 3207818, at *3 (C.D. Cal. May 10, 2019) (citations and internal quotation marks omitted). In the instant case, Plaintiff broadly seeks "all penalties owed." (ECF No. 15-1 at 9.)

8

The most relevant California state court case cited by the parties is *Melamed*, wherein a California appellate court stated a one-year statute of limitations *may* apply to § 1278.5. 8 Cal. App. 5th at 1287–88. District courts have relied on *Melamed* to find that § 1278.5 *is* subject to a one-year limitations period based on its mandatory penalty provision. *See, e.g.*, *Khoury v. VITAS Healthcare Corp.*, No. SACV 19-1359 JVS (DFMx), 2020 WL 6656010, at *4 (C.D. Cal. Sept. 25, 2020); *Rabara v. Heartland Emp. Servs., LLC*, No. 17-CV-03770-LHK, 2019 WL 1877351, at *6 (N.D. Cal. Apr. 26, 2019). The Court agrees that § 1278.5 includes a mandatory penalty provision and is therefore subject to a one-year statute of limitations period pursuant to California Civil Procedure Code § 340.

Plaintiff's claim accrued when he was terminated on February 17, 2018. (ECF No. 15-1 at 4.) Plaintiff brought the instant action in state court on March 6, 2019, after the one-year statute of limitations had run. (ECF No. 1-3 at 5.) Plaintiff has given no indication that he is capable of curing this deficiency in an amended complaint. Therefore, the Court DISMISSES Plaintiff's second claim without leave to amend.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss (ECF No. 17). The Court DISMISSES Plaintiff's second claim without leave to amend and DENIES Defendants' motion as to Plaintiff's remaining claims. Defendants shall file a responsive pleading within twenty-one (21) days of the date of electronic filing date of this Order.

DATED: July 30, 2021

Troy L. Nunley
United States District Judge